```
 1  Steven M. Zadravecz (State Bar No. 185676)
    SZadravecz@jonesday.com
 2  Christopher Hodson (State Bar No. 246461)
    CHodson@jonesday.com
 3  JONES DAY
    3 Park Plaza, Suite 1100
 4  Irvine, California  92614
    Telephone:  (949) 851-3939
 5  Facsimile:   (949) 553-7539
    Attorneys for Defendant
 6  MERVYN'S, LLC

 7  Lynn Hubbard, III (State Bar No. 69733)
    Scottlynn Hubbard, IV (State Bar No. 212970)
 8  usdcso@hubslaw.com
    DISABLED ADVOCACY GROUP, APLC
 9  12 Williamsburg Lane
    Chico, California 95926
10  Telephone:  (530) 895-3252
    Facsimile:   (530) 894-8244
11  Attorneys for Plaintiff
    A.J. OLIVER
12
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| A.J. OLIVER,<br><br>              Plaintiff,<br><br>     v.<br><br>MERVYN'S, LLC; SWEETWATER SQUARE, LLC; AARDEMA GRANDCHILDREN'S LP,<br><br>              Defendants. | Case No. 08CV-1108 WQH (WMc)<br><br>Assigned for all purposes to Honorable William Q. Hayes<br><br>**NOTICE OF JOINT MOTION AND JOINT MOTION OF PLAINTIFF A.J. OLIVER AND DEFENDANT MERVYN'S, LLC TO EXTEND TIME TO ANSWER OR MOVE TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
|---|---|

**TO THE CLERK OF THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that plaintiff A.J. Oliver ("Plaintiff") and defendant Mervyn's, LLC ("Mervyn's") hereby jointly move this Court for an order extending the time to answer or move to dismiss Plaintiff's Complaint (the

1  "Complaint"). The Court has the authority to extend the time pursuant to Federal
2  Rule of Civil Procedure 6(b) ("When by these rules . . . an act is required or
3  allowed to be done at or within a specified time, the court for cause shown may at
4  any time in its discretion . . . order the period enlarged if request therefore is made
5  before the expiration of the period originally prescribed . . . .").
6        The parties have agreed that extending the time for Mervyn's to respond to
7  the Complaint will conserve the Court's and the parties' resources, and therefore
8  believe that good cause exists for the Court to extend the time. According to the
9  Complaint, defendants operate and maintain facilities of public accommodation,
10 which Plaintiff alleges do not meet the requirements of the Americans with
11 Disabilities Act (42 U.S.C. §§ 12101 *et seq.*) and related statutes regarding
12 accessibility for disabled individuals. Due to the complexity of the allegations,
13 Mervyn's and its counsel require additional time to review the Complaint and
14 prepare Mervyn's response thereto. Plaintiff has agreed to extend Mervyn's time to
15 respond to the Complaint by seven days, to and including July 28, 2008. This is the
16 first extension of time provided to Mervyn's to respond to the Complaint, and the
17 parties agree that this extension is not sought for the purpose of improper delay, and
18 will not prejudice Plaintiff.
19       Accordingly, the parties believe that good cause exists for this Court to
20 exercise its discretion to enlarge the time for Mervyn's to respond to the Complaint.
21       **MEMORANDUM OF POINTS AND AUTHORITIES**
22       Plaintiff A.J. Oliver ("Plaintiff") and defendant Mervyn's, LLC
23 ("Mervyn's") hereby jointly move this Court for an order extending the time to
24 answer or move to dismiss Plaintiff's Complaint (the "Complaint").
25       **I.**
26       **INTRODUCTION**
27       Plaintiff filed the Complaint on June 23, 2008 against Mervyn's and two
28 other defendants. Mervyn's was served the Complaint through its agent for service

of process by personal service on June 30, 2008. Mervyn's response to the Complaint is due July 21, 2008. The parties have agreed that good cause exists for the Court to extend time for Mervyn's to respond to the Complaint, as set forth below.

## II.
## GOOD CAUSE EXISTS FOR THE COURT TO EXTEND THE TIME FOR MERVYN'S TO ANSWER OR MOVE TO DISMISS

Pursuant to Federal Rule of Civil Procedure 6(b), this Court has the discretion to extend the time for Mervyn's to respond to the Complaint. Fed. R. Civ. P. 6(b) ("When by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . order the period enlarged if request therefore is made before the expiration of the period originally prescribed . . . ."). The parties have agreed that extending the time for Mervyn's to respond to the Complaint will conserve the Court's and the parties' resources, and therefore believe that good cause exists for the Court to extend the time. According to the Complaint, defendants operate and maintain facilities of public accommodation, which Plaintiff alleges do not meet the requirements of the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*) and related statutes regarding accessibility for disabled individuals. Due to the complexity of the allegations, Mervyn's and its counsel require additional time to review the Complaint and prepare Mervyn's response thereto. Plaintiff has agreed to extend Mervyn's time to respond to the Complaint by seven days, to and including July 28, 2008. This is the first extension of time provided to Mervyn's to respond to the Complaint, and the parties agree that this extension is not sought for the purpose of improper delay, and will not prejudice Plaintiff.

## III.
## CONCLUSION

The parties have agreed that extending the time for Mervyn's to respond to

the Complaint will conserve the Court's and the parties' resources. The parties therefore believe that good cause exists for the Court to exercise its discretion under Rule 6(b) to extend the time to respond to the Complaint. Accordingly, the parties jointly move this Court to extend the time.

Dated: July 17, 2008

JONES DAY

By: _____
Steven M. Zadravecz

Attorneys for Defendant
MERVYN'S, LLC

Dated: July 17, 2008

DISABLED ADVOCACY GROUP, APLC

By: _____
Lynn Hubbard, III

Attorneys for Plaintiff
A.J. OLIVER

LAI-2962784v1