Charles T. Hoge (110696)
choge@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California 92101-8700
Telephone (619) 231-8666
Facsimile (619) 231-9593

Attorneys for Defendant Sweetwater Square, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>    Plaintiff,<br><br>vs.<br><br>MERVYN'S, LLC; SWEETWATER SQUARE, LLC; AARDEMA GRANDCHILDREN'S LP,<br><br>    Defendants. | CASE NO. 08 CV 1108 WQH WMc<br><br>**DEFENDANT SWEETWATER SQUARE, LLC'S ANSWER TO COMPLAINT**<br><br>Action Filed: June 23, 2006 |

As and for its answer to Complaint herein, defendant Sweetwater Square, LLC, a California Limited Liability Company lawfully conducting business in the State of California, responds to the Complaint for itself alone, by admitting, denying and alleging on information and belief as follows:

## I.   SUMMARY

1.   Answering Defendant admits the action purports to be a civil rights action concerning the referenced property but otherwise denies the allegations of Paragraph 1.

2.   Answering Defendant admits that Plaintiff seeks damages, injunctive and declaratory relief and attorneys fees and costs against the various defendants but otherwise denies the allegations of Paragraph 2.

## II. JURISDICTION

3. Answering Defendant admits the allegations of Paragraph 3.

4. Answering Defendant denies the allegations of Paragraph 4.

5. Answering Defendant denies the allegations of Paragraph 5.

## III. VENUE

6. Answering Defendant denies the allegations of Paragraph 6 except that it admits that venue is appropriate in this district.

## IV. PARTIES

7. Answering Defendant admits the allegations of Paragraph 7.

8. Answering Defendant lacks sufficient information or belief to admit or deny the allegations of Paragraph 8, and answering Defendant therefore denies the allegations on that basis.

## V. FACTS

9. Answering Defendant admits the allegations of Paragraph 9.

10. Answering Defendant denies the allegations of Paragraph 10 except that answering Defendant lacks sufficient information or belief to admit or deny whether Plaintiff visited the Store, and therefore denies those allegations on that basis.

11. Answering Defendant denies the allegations of Paragraph 11.

12. Answering Defendant denies the allegations of Paragraph 12.

13. Answering Defendant lacks sufficient information or belief to admit or deny the allegations of Paragraph 13 and therefore denies those allegations on that basis.

14. Answering Defendant lacks sufficient information or belief to admit or deny the allegations of Paragraph 14 and therefore denies those allegations on that basis.

15. Answering Defendant denies the allegations of Paragraph 15.

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

16. Answering Defendant refers to and incorporates by reference its responses to Paragraphs 1 through 15, inclusive, as so set forth in full.

17. Paragraph 17 purports to set forth law and as such no response is required.

18. Answering Defendant denies the allegations of Paragraph 18.

### Failure to Remove Architectural Barriers in an Existing Facility

19. Answering Defendant purports to set forth a statement of law and therefore no response is required.

20. Answering Defendant purports to set forth a statement of law and therefore no response is required.

21. Answering Defendant denies the allegations of Paragraph 21.

22. Answering Defendant denies the allegations of Paragraph 22.

### Failure to Design and Construct an Accessible Facility

23. Answering Defendant denies the allegations of Paragraph 23.

24. Paragraph 24 purports to set forth a statement of law and therefore no response is required.

25. Answering Defendant denies the allegations of Paragraph 25.

### Failure to Make an Altered Facility Accessible

26. Answering Defendant denies the allegations of Paragraph 26.

27. Paragraph 27 purports to set forth a statement of law and therefore no response is required.

28. Answering Defendant denies the allegations of Paragraph 28.

### Failure to Modify Existing Policies and Procedures

29. Paragraph 29 purports to set forth a statement of law and therefore no response is required.

30. Answering Defendant denies the allegations of Paragraph 30.

31. Answering Defendant denies the allegations of Paragraph 31.

32. Answering Defendant denies the allegations of Paragraph 32.

### VII.   SECOND CLAIM

### Disabled Persons Act

33. Answering Defendant refers to and incorporates its responses set forth in

Paragraphs 1 through 32, inclusive, as though set forth in full.

34. Paragraph 34 purports to set forth law and therefore no response is required.

35. Paragraph 35 purports to set forth law and therefore no response is required.

36. Paragraph 36 purports to set forth law and therefore no response is required.

37. Answering Defendant denies the allegations of Paragraph 37.

38. Answering Defendant denies the allegations of Paragraph 38.

39. Answering Defendant denies the allegations of Paragraph 39.

## VIII.   THIRD CLAIM

### Unruh Civil Rights Act

40. Answering Defendant refers to and incorporates its responses as set forth in Paragraphs 1 through 30 as those set forth in full.

41. Paragraph 41 purports to set forth law and therefore no response is required.

42. Paragraph 42 purports to set forth law and therefore no response is required.

43. Paragraph 43 purports to set forth law and therefore no response is required.

44. Answering Defendant denies the allegations of Paragraph 44.

45. Answering Defendant denies the allegations of Paragraph 45.

46. Answering Defendant denies the allegations of Paragraph 46.

47. Answering Defendant denies the allegations of Paragraph 47.

## IX.   FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48. Answering Defendant refers to and incorporates its responses as set forth in Paragraphs 1 through 13 as those set forth in full.

49. Paragraph 49 purports to set forth law and therefore no response is required.

50. Paragraph 50 purports to set forth law and therefore no response is required.

51. Answering Defendant denies the allegations of Paragraph 51.

52. Answering Defendant denies the allegations of Paragraph 52.

## **AFFIRMATIVE DEFENSES**

As and for its affirmative defenses, Answering Defendant alleges on information and

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101 -8700

belief.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State A Claim For Relief)**

53. Neither the Complaint nor any cause of action therein states facts sufficient to constitute a claim for relief against Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Unclean Hands)**

54. Plaintiff comes into this Court with unclean hands, and under the circumstances of this case, such doctrine bars or limits any recovery against Answering Defendant.

## THIRD AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

55. Answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to mitigate and avoid her alleged injury and damages, if any, and any damages awarded to Plaintiff should be reduced accordingly by such failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

**(Comparative And Contributory Negligence)**

56. Plaintiff, by his actions and conduct, has failed to exercise reasonable care and diligence on her own behalf, thereby causing or contributing to his alleged injury and damages, if any. Plaintiff's recovery therefore must be reduced or eliminated altogether by the proportion of damages caused by his own acts and conduct.

## FIFTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

57. Plaintiff lacks standing to maintain his claims herein.

## SIXTH AFFIRMATIVE DEFENSE

**(Statutory Compliance)**

58. Plaintiff's claims are barred or reduced because the Tenant performed, or is in the process of performing, all readily achievable architectural barrier removals as may be required by law, if any.

### SEVENTH AFFIRMATIVE DEFENSE

### (Statutory Compliance)

59. Plaintiff's claims herein are barred because the Tenant has remediated, or is in the process of remediating any alleged access barrier with reasonable and appropriate alternative methods of access; and/or Plaintiff's claims are barred because removal of alleged access barriers as claimed is not readily achievable and no alternative method of access can be provided without fundamentally altering the nature of the goods, services and facilities offered by Answering Defendant; and/or Answering Defendant has met all statutory obligations to Plaintiff or any other persons with disabilities with respect to the matters about which Plaintiff complains.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Actionable Wrong)

60. This Court lacks subject-matter jurisdiction over this matter because Plaintiff is unable to prove an actionable wrong.

### NINTH AFFIRMATIVE DEFENSE

### (No Actionable Wrong)

61. Plaintiff is not entitled to an award of statutory damages, *inter alia*, because he did not visit, nor was deterred from visiting, Answering Defendant's premises on any particular occasion when the site was not accessible or appropriate accommodations and access provided.

### TENTH AFFIRMATIVE DEFENSE

### (No Statutory Damages)

62. Answering Defendant, at all times, acted reasonable, in good faith, and in a non-discriminatory manner.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Impracticality)

63. Plaintiff's claims herein are barred by her prior settlement agreement and release

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101 -8700

of the defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Harm by Others)

64. Plaintiff's claims are limited by the provision of California Civil Code Section 1431.2.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (California Civil Code Section 1431.2)

65. Plaintiff's claims for attorneys' fees are barred because they were not actually incurred, necessarily incurred, or reasonably incurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Recovery of Attorneys' Fees)

66. Plaintiff has waived and is estopped from asserting his claims herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

67. At all times relevant, Answering Defendant conducted itself in good faith and in a legitimate exercise of business discretion.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

68. Plaintiff's claims are bared by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 338 and 340, California Health and Safety Code sections 19955, *et seq.*, and 42 U.S.C. § 2000, *et seq*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

69. Answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Answering Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Answering Defendant prays that Plaintiff take nothing by his

1 Complaint, that the Court enter judgment dismissing the Complaint with prejudice and each
2 of its purported claims for relief; that the Court award Defendant its reasonable expenses and
3 costs of suit, including but not limited to, reasonable attorneys' fees if and to the extent
4 permitted by law; and that the Court grant Answering Defendant such other and further relief
5 as the Court may deem just and proper.

6 DATED: July 22, 2008                              KIRBY NOONAN LANCE & HOGE LLP

                                          By:    /s/ Charles T. Hoge
                                                 Charles T. Hoge
                                                 Attorneys for Defendant Sweetwater Square,
                                                 LLC

# PROOF OF SERVICE

Oliver v. Mervyn's, LLC, et al.
United States District Court Case No. 08 CV 1108 WQH WMc

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 350 Tenth Avenue, Suite 1300, San Diego, California 92101-8700.

On July 22, 2008, at San Diego, California, I served the following document(s) described as

- **DEFENDANT SWEETWATER SQUARE, LLC'S ANSWER TO COMPLAINT**

on the parties in said action as follows:

**SEE ATTACHED LIST**

☒ **ELECTRONIC TRANSMISSION:** I filed the foregoing document with the Clerk of Court for the United States District Court, using the Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to receive service by electronic means and is registered with the Court's ECF system and was served a "Notice of Electronic Filing" sent by ECF system.

☒ **FEDERAL COURT:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 22, 2008, at San Diego, California.

/s/ Charles T. Hoge

-1-

**SERVICE LIST**
**Oliver v. Mervyns, et al.**
**Case No. 08 CV 1108 WQH WMc**

| | |
|---|---|
| Lynn Hubbard, III<br>Disabled Advocacy Group, APLC<br>12 Williamsburg Lane<br>Chico, CA 95926 | Attorneys for Plaintiff A. J. Oliver<br><br>Tel:  (530) 895 – 3252 |
| Steven M. Zadravecz, Esq.<br>Jones Day<br>3 Park Plaza, Suite 1100<br>Irvine, CA 92614-2592 | Attorneys for Defendant Mervyn's LLC<br><br>Tel:  (949) 553-7508<br>Fax:  (949) 553-7539 |

-2-