STEVEN M. ZADRAVECZ (BAR NO. 185676)
E-mail: szadravecz@jonesday.com
CHRISTOPHER HODSON (BAR NO. 246461)
E-mail: chodson@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone:   (949) 851-3939
Facsimile:    (949) 553-7539

Attorneys for Defendant
MERVYN'S, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>    Plaintiff,<br><br>v.<br><br>MERVYN'S, LLC; SWEETWATER SQUARE, LLC; AARDEMA GRANDCHILDREN'S LP,<br><br>    Defendants. | Case No. 08 CV-1108 WQH (WMc)<br><br>**DEFENDANT MERVYN'S LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 12(a), defendant Mervyn's, LLC ("Mervyn's"), for itself only, hereby answers the Complaint of plaintiff A.J. Oliver ("Plaintiff") as follows:

1.  Mervyn's admits that this action purports to involve the Mervyn's store located at 3007 Highland Avenue, National City, California 91950 (the "Mervyn's Facility"). Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 1 of the Complaint to the extent the allegations relate to Mervyn's.

2.  Mervyn's admits that Plaintiff purports to seek damages, injunctive and declaratory relief, and attorneys' fees and costs under various state and federal statutes as alleged in Paragraph 2 of the Complaint. Except as expressly admitted, Mervyn's denies each and every

1

Case No. 08 CV-1108 WQH (WMc)
Answer to Complaint

allegation in Paragraph 2 of the Complaint to the extent the allegations relate to Mervyn's, and further denies that Plaintiff has suffered damages in any amount, or at all. Mervyn's denies for lack of sufficient knowledge, information, and belief each and every allegation in Paragraph 2 that relates to entities other than Mervyn's.

3. Mervyn's admits that this Court has jurisdiction over claims arising under the Americans with Disabilities Act under 28 U.S.C. Sections 1331 and 1343 to the extent that such claims are not otherwise barred. Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 3 of the Complaint.

4. Mervyn's admits that Plaintiff attempts to invoke this Court's supplemental jurisdiction with respect to her state law claims. Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 4 of the Complaint.

5. Mervyn's denies each and every allegation in Paragraph 5 of the Complaint.

6. Mervyn's admits that 28 U.S.C. Sections 1391(b) and (c) pertain to venue, and that Plaintiff alleges venue pursuant to 28 U.S.C. Sections 1391(b) and (c). Except as expressly admitted, Mervyn's denies for lack of sufficient knowledge, information, and belief each and every allegation in Paragraph 6 of the Complaint.

7. Mervyn's admits that it owns, operates, or leases the Mervyn's facility, and that it is a limited liability corporation. Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 7 of the Complaint.

8. Mervyn's denies for lack of sufficient knowledge, information, and belief each and every allegation in Paragraph 8.

9. Mervyn's admits that the Mervyn's Facility is a retail establishment that is open to the public. Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 9 of the Complaint.

10. Mervyn's denies each and every allegation in Paragraph 10 of the Complaint.

11. Mervyn's denies each and every allegation in Paragraph 11 of the Complaint.

12. Mervyn's denies each and every allegation in Paragraph 12 of the Complaint.

13. Mervyn's denies each and every allegation in Paragraph 13 of the Complaint.

14. Mervyn's denies each and every allegation in Paragraph 14 of the Complaint.

15. Mervyn's denies each and every allegation in Paragraph 15 of the Complaint.

<u>RESPONSE TO THE FIRST CLAIM FOR RELIEF</u>

**Americans with Disabilities Act of 1990**

16. Mervyn's incorporates by this reference its responses to Paragraphs 1 through 15, inclusive, of the Complaint.

17. Paragraph 17 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 17 that Mervyn's has in any way violated the Americans with Disabilities Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 17, Mervyn's denies each and every allegation in Paragraph 17 of the Complaint.

18. Mervyn's denies each and every allegation in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 19 that Mervyn's has in any way violated the Americans with Disabilities Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 19, Mervyn's denies each and every allegation in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 20 that Mervyn's has in any way violated the Americans with Disabilities Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 20, Mervyn's denies each and every allegation in Paragraph 20 of the Complaint.

21. Mervyn's denies each and every allegation in Paragraph 21 of the Complaint.

22. Mervyn's denies each and every allegation in Paragraph 22 of the Complaint.

23. Mervyn's admits that the Mervyn's Facility was designed and constructed after January 26, 1992. The remaining allegations in Paragraph 23 of the Complaint contain only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 23 that Mervyn's has in any way violated the Americans with

1  Disabilities Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 23, Mervyn's denies each and every allegation in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 24 that Mervyn's has in any way violated the Americans with Disabilities Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 24, Mervyn's denies each and every allegation in Paragraph 24 of the Complaint.

25. Mervyn's denies each and every allegation in Paragraph 25 of the Complaint.

26. Mervyn's denies each and every allegation in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 27 that Mervyn's has in any way violated the Americans with Disabilities Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 27, Mervyn's denies each and every allegation in Paragraph 27 of the Complaint.

28. Mervyn's denies each and every allegation in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 29 that Mervyn's has in any way violated the Americans with Disabilities Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 29, Mervyn's denies each and every allegation in Paragraph 29 of the Complaint.

30. Mervyn's denies each and every allegation in Paragraph 30 of the Complaint.

31. Mervyn's admits that Plaintiff purports to seek injunctive relief, attorneys' fees, costs, and legal expenses as alleged in Paragraph 31 of the Complaint. Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 31 of the Complaint, denies that Plaintiff has suffered damages in any amount, or at all, and further denies that Plaintiff is entitled to any form of relief in this action.

32. Mervyn's admits that Plaintiff purports to seek declaratory relief as alleged in Paragraph 32 of the Complaint. Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 32 of the Complaint, denies that Plaintiff has suffered damages in any amount, or at all, and further denies that Plaintiff is entitled to any form of relief in this action.

## RESPONSE TO THE SECOND CLAIM FOR RELIEF

### Disabled Persons Act

33. Mervyn's incorporates by this reference its responses to Paragraphs 1 through 30, inclusive, of the Complaint.

34. Paragraph 34 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 34 that Mervyn's has in any way violated California Civil Code or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 34, Mervyn's denies each and every allegation in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 35 that Mervyn's has in any way violated the California's Disabled Person's Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 35, Mervyn's denies each and every allegation in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 36 that Mervyn's has in any way violated the California's Disabled Person's Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 36, Mervyn's denies each and every allegation in Paragraph 36 of the Complaint.

37. Mervyn's denies each and every allegation in Paragraph 37 of the Complaint.

38. Mervyn's admits that Plaintiff purports to seek damages, declaratory relief, and other remedies as alleged in Paragraph 38 of the Complaint. Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 38 of the Complaint, denies that Plaintiff

has suffered damages in any amount, or at all, and further denies that Plaintiff is entitled to any form of relief in this action.

39. Mervyn's admits that Plaintiff purports to seek injunctive relief and attorneys' fees as alleged in Paragraph 39 of the Complaint. Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 39 of the Complaint, denies that Plaintiff has suffered damages in any amount, or at all, and further denies that Plaintiff is entitled to any form of relief in this action.

## RESPONSE TO THE THIRD CLAIM FOR RELIEF

### Unruh Civil Rights Act

40. Mervyn's incorporates by this reference its responses to Paragraphs 1 through 30, inclusive, of the Complaint.

41. Paragraph 41 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 41 that Mervyn's has in any way violated the California Unruh Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 41, Mervyn's denies each and every allegation in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 42 that Mervyn's has in any way violated the California Unruh Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 42, Mervyn's denies each and every allegation in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 43 that Mervyn's has in any way violated the California Unruh Act or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 43, Mervyn's denies each and every allegation in Paragraph 43 of the Complaint.

44. Mervyn's denies each and every allegation in Paragraph 44 of the Complaint.

45. Mervyn's denies each and every allegation in Paragraph 45 of the Complaint.

46. Mervyn's denies each and every allegation in Paragraph 46 of the Complaint, denies that Plaintiff has suffered damages in any amount, or at all, and further denies that Plaintiff is entitled to any form of relief in this action.

47. Mervyn's admits that Plaintiff purports to seek injunctive relief and attorneys' fees as alleged in Paragraph 47 of the Complaint. Except as expressly admitted, Mervyn's denies each and every allegation in Paragraph 47 of the Complaint, denies that Plaintiff has suffered damages in any amount, or at all, and further denies that Plaintiff is entitled to any form of relief in this action.

## RESPONSE TO THE FOURTH CLAIM FOR RELIEF

### Denial of Full and Equal Access to Public Facilities

48. Mervyn's incorporates by this reference its responses to Paragraphs 1 through 13, inclusive, of the Complaint.

49. Paragraph 49 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 49 that Mervyn's has in any way violated the California Health and Safety Code or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 49, Mervyn's denies each and every allegation in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains only assertions and conclusions of law to which Mervyn's is not required to respond. To the extent that Plaintiff implies in Paragraph 50 that Mervyn's has in any way violated the California Health and Safety Code or any other state or federal statute, rule, or regulation, or to the extent that Plaintiff makes any factual assertions in Paragraph 50, Mervyn's denies each and every allegation in Paragraph 50 of the Complaint.

51. Mervyn's denies each and every allegation in Paragraph 51 of the Complaint.

52. Mervyn's denies each and every allegation in Paragraph 52 of the Complaint, denies that Plaintiff has suffered damages in any amount, or at all, and further denies that Plaintiff is entitled to any form of relief in this action.

## RESPONSE TO PRAYER FOR RELIEF

The remaining allegations in Plaintiff's Complaint are merely prayers for relief. Mervyn's denies that Plaintiff is entitled to any remedy or relief, including the relief requested in Plaintiff's Prayer For Relief Section X, including X(1)-(5), and denies that Plaintiff has suffered any injury or damage in this matter.

## AFFIRMATIVE DEFENSES

Mervyn's alleges the following separate and affirmative defenses, without conceding that it bears the burden of proof or persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim)

Plaintiff's Complaint, and each purported claim for relief alleged therein, fail to state a claim against Mervyn's upon which relief can be granted. Plaintiff's allegations fail to set forth facts adequate to support a prima facie case based upon discrimination due to disabilities.

## SECOND AFFIRMATIVE DEFENSE

(Failure To State A Claim For Injunctive Relief)

Plaintiff's Complaint fails to state a claim upon which injunctive relief can be granted against Mervyn's.

## THIRD AFFIRMATIVE DEFENSE

(Lack Of Standing For Violations Not Encountered)

Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein, as to any alleged disability access violation not actually encountered by him because Plaintiff cannot show injury in fact as to such alleged violations.

## FOURTH AFFIRMATIVE DEFENSE

(Lack Of Standing For Claim Under Health & Safety Code Section 19955(a))

Plaintiff lacks standing to assert a separate cause of action against Mervyn's pursuant to California Health and Safety Code Section 19955(a).

## FIFTH AFFIRMATIVE DEFENSE

(Statutes Of Limitation)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred, in whole or in part, by the applicable statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Performance Of Duties)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred because Mervyn's fully performed all contractual, statutory, and other duties owed to Plaintiff under applicable law.

## TENTH AFFIRMATIVE DEFENSE

(No Authority)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred because, to the extent that Plaintiff alleges Mervyn's has obligations under state or federal law to remove barriers at the Mervyn's Facility, the alleged obligations exceed the scope of the legislated authority.

## ELEVENTH AFFIRMATIVE DEFENSE

(Reliance On Issuance Of Building Permits)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred because local building authorities issued appropriate permits and Certificates of Occupancy for the Mervyn's Facility, and Mervyn's had a right to rely on the issuance of the permits as establishing compliance with all applicable laws, regulations, orders, and approvals.

## TWELFTH AFFIRMATIVE DEFENSE

(Readily Achievable)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred because appropriate accessibility changes have been made and continue to be made at the Mervyn's Facility to the extent such changes are readily achievable. To the extent that any changes have not been made that Plaintiff contends should have been made, those changes are not required under applicable law and are not readily achievable.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Undue Burden)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred because, to the extent that alterations have not been made to the Mervyn's Facility that Plaintiff contends should have been made, those changes were not required under applicable law, and any requirement to make those changes would impose an undue burden.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Modifications Not Required)

Plaintiff has demanded modifications to the Mervyn's Facility that are either not readily achievable, technically infeasible, not required, would create an undue hardship on Mervyn's, would fundamentally alter the way Mervyn's provides its goods and services, or would create a risk to the health and safety of Plaintiff and others.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Reasonableness, Good Faith, And Non-Discrimination)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred because Mervyn's acted reasonably, honestly, in good faith, and in a non-discriminatory manner at all material times based on all relevant facts and circumstances known by it at the time it so acted.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Not Authorized By Unruh Act)

Plaintiff is barred from obtaining relief under California Civil Code Sections 51, *et seq.* because nothing therein may be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, to any existing establishment, facility, building, improvement, or any other structure.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Discrimination)

The claim for relief alleged in Plaintiff's Complaint under California Civil Code Sections 51, *et seq.* is barred because Mervyn's' conduct is applicable alike to all persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Not Member Of Protected Class)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred because Plaintiff is not a member of the class of individuals that the Americans with Disabilities Act or California's disability access statutes are designed to protect.

## NINETEENTH AFFIRMATIVE DEFENSE

(Disproportionate Costs)

Mervyn's alleges that the cost of some or all of the modifications to the Mervyn's Facility that Plaintiff seeks in this action is disproportionate in terms of both cost and scope to that of any alterations made within the statutory period, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

(Equal Access)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred because Plaintiff has the same access to the Mervyn's Facility as non-disabled persons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Compliance With Applicable Law)

Mervyn's alleges that the goods and services as provided at the Mervyn's Facility to the public, including Plaintiff, are accessible to and usable by persons with disabilities as required under federal and state law, including without limitation, the Americans with Disabilities Act, 42 U.S.C. Sections 12101, *et seq.*, the Unruh Act, California Civil Code Sections 51, *et seq.*, the Blind and Other Physically Disabled Persons Act, California Civil Code Section 54, *et seq.*, Health and Safety Code Part 5.5, and all other disability access statutes, rules, and regulations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure To Mitigate Damages)

Plaintiff had a duty to mitigate his damages and, to the extent he failed to do so, any damages awarded to Plaintiff should be reduced accordingly.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Adequate Legal Remedy)

Plaintiff is not entitled to any injunctive or equitable relief because he has adequate legal remedies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Irreparable Harm)

Plaintiff is not entitled to any injunctive or equitable relief because he has not and will not suffer irreparable harm or injury.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Improper Party)

Plaintiff's Complaint, and each purported claim for relief alleged therein, are barred to the extent Mervyn's did not and does not own, operate, lease, maintain or have any responsibility for portions of the Mervyn's Facility that allegedly fail to comply with applicable law.

PRAYER FOR RELIEF

Mervyn's does not presently know all the facts and circumstances respecting Plaintiff's claims. Mervyn's reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Mervyn's hereby prays for the following relief:

1.  That Plaintiff take nothing by reason of the Complaint and that Judgment be rendered in favor of Mervyn's;

2.  That Mervyn's be awarded its attorneys' fees and the costs of suit incurred by it in this action; and

3.  For such other and further relief as the Court deems just and proper.

Dated: July 25, 2008.            JONES DAY

                                 By: /S/ Steven M. Zadravecz
                                     Steven M. Zadravecz
                                 Attorneys for Defendant
                                 MERVYN'S, LLC